**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-3858

———————

KENNETH BRICE; CHRISTINE BRICE, H/W

v.

KIM BAUER; JOHN HOFFERT, Esquire, Individually;
THOMAS L. KLONIS, Esquire, Individually; HOFFERT & KLONIS P.C.

Kim Bauer,
Appellant

———————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(EDPa No. 5-15-cv-04020)
District Judge: Honorable Joseph F. Leeson, Jr.

———————————————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 30, 2017

Before:  VANASKIE, KRAUSE, and RESTREPO, *Circuit Judges*

(Opinion filed: May 19, 2017)

———————

OPINION[*]

———————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge.*

Before this Court is Kim Bauer's appeal of the Order of the District Court, which denied her motion for sanctions under Federal Rule of Civil Procedure 11 as moot after dismissing or entering judgment in Bauer's favor on all claims brought against her. For the reasons that follow, we will reverse the denial of the Rule 11 motion and remand for proceedings consistent with this opinion.

## I.     Background

This suit commenced when Bauer's parents, Kenneth and Christine Brice, alleged that Bauer had conspired to steal property and corporate interests from them and brought claims against her under state law and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.[1] The parties conducted discovery, and Bauer moved for summary judgment, relying on documentary and testimonial evidence to show that the Brices had given Bauer their property and corporate interests as gifts and that the papers transferring the gifts were not forged. Asserting that evidence was so clear as to render her parents' complaint wholly unsupported in violation of Federal Rule of Civil Procedure 11, Bauer also moved for Rule 11 sanctions against the Brices and their counsel.

The District Court granted summary judgment to Bauer on the RICO claims and, declining to exercise supplemental jurisdiction over the remaining state law claims,

---

[1] The Brices also brought claims, which are not at issue in this appeal, against their former attorneys and those attorneys' law firm, alleging that those defendants too had conspired to steal the Brices' assets. The Brices withdrew many of those claims, and the District Court dismissed the others.

dismissed them without prejudice. The District Court then denied Bauer's Rule 11

motion as moot and later denied Bauer's request for reconsideration of that denial. Bauer

timely appealed.

## II. Discussion[2]

On appeal, Bauer renews her challenge to the District Court's denial of her Rule

11 motion, which we ordinarily review for an abuse of discretion. *Gary v. Braddock

Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008). The Brices, in contending that the duty to

resolve sanctions issues is consigned to the District Court's discretion, urge us to apply

that deferential standard of review. Although we agree that a district court's discretion in

the Rule 11 context extends to decisions about whether sanctions are warranted and about

the amount of sanctions, *see, e.g.*, *Napier v. Thirty or More Unidentified Fed. Agents*, 855

F.2d 1080, 1090-94 (3d Cir. 1988)—and even to the timing of those decisions, *see In re

Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 98 (3d Cir. 2008)—we do not agree that it

extends to whether or not to render any decision at all, *see Gary*, 517 F.3d at 201-03.

Here, because the District Court "never ruled on the propriety of Rule 11 sanctions," *id.*

at 201, and denied Bauer's Rule 11 motion as moot, our review is de novo, *see Lusardi v.

Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992).

We hold that the District Court's refusal to reach the merits of the Rule 11 motion

was in error. A district court "must resolve any issues about imposition of sanctions,"

---

[2] The District Court had subject-matter jurisdiction over the RICO claims pursuant to 28 U.S.C. § 1331 and over the state law claims pursuant to 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

3

including Rule 11 sanctions, "prior to, or contemporaneously with, entering final judgment." *Gary*, 517 F.3d at 202. This obligation to resolve "collateral issues" is not mooted "after an action is no longer pending," *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)), for a district court retains jurisdiction to impose Rule 11 sanctions even when it lacks subject-matter jurisdiction over the claim giving rise to the sanctionable conduct, *Lazorko v. Pa. Hosp.*, 237 F.3d 242, 247 (3d Cir. 2000). Here, therefore, the final judgment on the Brice's claims against Bauer did not moot Bauer's Rule 11 motion, and the District Court erred by declining to decide that motion on its merits.

Because we do not ordinarily consider issues not passed upon below, *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 149 (3d Cir. 2016), and because "motions under Rule 11 must be decided in the first instance by the trial court absent extraordinary circumstances," *Gary*, 517 F.3d at 202-03, we will not consider the parties' arguments on the merits of Bauer's Rule 11 motion and we will remand for the District Court to address the merits of Bauer's Rule 11 motion in the first instance. While the Brices object that further proceedings in the District Court may duplicate a parallel sanctions determination in state court under Pennsylvania Rule of Civil Procedure 1023.2, we are persuaded that the proceedings will address—and may impose different sanctions for—different alleged misconduct. That is, the District Court's Rule 11 determination will address whether the Brices' earlier filings in federal court warrant sanctions, *see* Fed. R. Civ. P. 1, while any state court determination under Pennsylvania Rule of Civil Procedure 1023.2 will address

4

whether the Brices' subsequent filings in state court warrant sanctions, *see Robinson v. State Emps.' Ret. Bd.*, No. 1136 C.D. 2014, 2015 WL 5314660, at \*5 (Pa. Commw. Ct. Mar. 10, 2015).  Thus, we perceive no judicial economy concerns arising from the two sanctions determinations proceeding concurrently.

## III.    Conclusion

For the foregoing reasons, we will reverse the District Court's denial of Bauer's Rule 11 motion and remand for proceedings consistent with this opinion.